**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4221**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID LAMONT HENSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:07-cr-00053-LHT-1)

Submitted:  November 2, 2009          Decided:  November 13, 2009

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lamont Henson appeals his convictions and concurrent sentences of fifty-seven months' imprisonment following his guilty plea to two counts of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006). On appeal, Henson argues that the checkpoint stop leading to the seizure of evidence against him was unconstitutional.* Finding no reversible error, we affirm.

On September 12, 2006, officers working in the central patrol district in Asheville, North Carolina, decided to conduct a license checkpoint at a five-way intersection in a primarily commercial area that had generated significant complaints and traffic violations. The checkpoint was approved by supervisors and conducted pursuant to a Special Operations Plan ("SOP") that gave the officers authority to direct patrols in designated challenge areas defined by traffic violations or community complaints. Approximately seven marked police cruisers and officers wearing reflective vests were present at the checkpoint. All vehicles passing through the intersection were stopped to verify license and vehicle registration information.

---

* Henson's plea agreement reserved his right to appeal the denial of his motion to suppress.

In accordance with the SOP of stopping each vehicle that passed through the intersection, Traffic Safety Officer Don Eberhardt stopped a van driven by Monica Davis. Upon inquiring for a driver's license from Davis, the officer noticed an open container of beer in the center console. Davis did not produce a driver's license, for which she later received a citation. When Officer Eberhardt questioned Davis, the front seat passenger, Henson, repeatedly interfered with the conversation, attempting to answer questions posed to Davis.

Officer Eberhardt instructed Davis to accompany him to the rear of the van and ordered Henson to place and keep his hands on the dash. As Officer Eberhardt was speaking with Davis, he observed Henson furtively place an unknown item under the front passenger seat. Concerned about the presence of contraband or a weapon, Officer Eberhardt ordered Henson to exit the van. A pat-down search of Henson revealed 167 tablets of methadone and a .22 caliber pistol. A search of the van revealed a modified shotgun under the front passenger seat. A subsequent search of Henson's house executed pursuant to a pre-trial release warrant uncovered additional firearms.

Henson filed a motion to suppress all of the evidence seized during the checkpoint stop and subsequent search of his home, contending the checkpoint was unconstitutional. Pursuant to 28 U.S.C. § 636 (2006), the district court referred the

suppression matter to a magistrate judge. Following a suppression hearing, the magistrate judge recommended denying the motion. After considering Henson's objections to the magistrate judge's report and recommendation, the district court adopted the magistrate judge's recommendation and denied the motion to suppress.

On appeal, Henson contends the vehicle checkpoint stop was a violation of his Fourth Amendment right against an unreasonable search and seizure. We review the factual findings underlying the denial of a motion to suppress for clear error and the legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir. 2005). We construe the evidence in the light most favorable to the Government, the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Stopping a vehicle at a checkpoint constitutes a seizure of a person within the meaning of the Fourth Amendment. Michigan Dep't of State Police v. Sitz, 496 U.S. 444, 450 (1990). "A search or seizure is ordinarily unreasonable in the absence of individualized suspicion of wrongdoing." City of Indianapolis v. Edmond, 531 U.S. 32, 37 (2000). However, the Supreme Court has recognized "limited circumstances in which the usual rule does not apply." Id. With respect to roadblocks, the Supreme Court has upheld a suspicionless seizure at a

4

checkpoint aimed at intercepting illegal immigrants, United States v. Martinez-Fuerte, 428 U.S. 543, 566-67 (1976), and a sobriety checkpoint aimed at combating drunk driving, Sitz, 496 U.S. at 455. In addition, the Supreme Court has suggested in dicta that a roadblock to question all oncoming traffic to verify drivers' licenses and vehicle registration with the interest of serving highway safety would be permissible under the Fourth Amendment. See Delaware v. Prouse, 440 U.S. 648, 663 (1979). However, checkpoints set up for general crime prevention, including drug interdiction, do not pass constitutional muster under the Fourth Amendment. Edmond, 531 U.S. at 41-42; see also United States v. Morales-Zamora, 974 F.2d 149, 151-53 (10th Cir. 1992) (holding that stop at drivers' license checkpoint was invalid because it was a pretext to check for drugs).

This court has noted with approval a traffic safety stop in which police checked drivers' licenses and registrations. See United States v. Brugal, 209 F.3d 353, 357 (4th Cir. 2000) (observing that "courts have concluded that a brief stop at a checkpoint for the limited purpose of verifying a driver's license, vehicle registration, and proof of insurance is a reasonable intrusion into the lives of motorists and their passengers even in the absence of reasonable suspicion that a motorist or passenger is engaged in illegal activity"). Other

5

courts have upheld similar checkpoints. United States v. Fraire, 575 F.3d 929, 932-35 (9th Cir. 2009); United States v. Galindo-Gonzales, 142 F.3d 1217, 1221 (10th Cir. 1998); United States v. McFayden, 865 F.2d 1306, 1310-13 (D.C. Cir. 1989), abrogated in part by United States v. Davis, 270 F.3d 977, 981 (D.C. Cir. 2001).

In determining the constitutionality of a checkpoint, the court must inquire into both the primary purpose and the reasonableness of the checkpoint. If the primary purpose of the checkpoint was to advance "the general interest in crime control," Edmond, 531 U.S. at 48, it is per se invalid under the Fourth Amendment. United States v. Faulkner, 450 F.3d 466, 469-70 (9th Cir. 2006); Mills v. Dist. of Columbia, 571 F.3d 1304, 1312 (D.C. Cir. 2009). If the primary purpose was valid, the court must then judge the checkpoint's reasonableness on the basis of individual circumstances. Illinois v. Lidster, 540 U.S. 419, 426 (2004). This requires balancing "'the gravity of the public concerns served by the seizure, the degree to which the seizure advances the public interest, and the severity of the interference with individual liberty.'" Id. at 420, 427 (quoting Brown v. Texas, 443 U.S. 47, 51 (1979)). Factors to weigh intrusiveness include whether the checkpoint: (1) is clearly visible; (2) is part of some systematic procedure that strictly limits the discretionary authority of police officers;

6

and (3) detains drivers no longer than is reasonably necessary to accomplish the purpose of checking a license and registration, unless other facts come to light creating a reasonable suspicion of criminal activity. McFayden, 865 F.2d at 1311-12 (citing Prouse, 440 U.S. at 662; Martinez-Fuerte, 428 U.S. at 558-59; Brown, 443 U.S. at 51).

With this framework in mind, after reviewing the parties' briefs and the materials submitted in the joint appendix, we find the district court did not err in accepting the recommendation of the magistrate judge and in concluding that the primary purpose of the checkpoint was not general crime control, but rather to promote traffic safety by allowing police to check drivers' licenses and vehicle registration. The court's reasonableness determination with respect to the checkpoint is also sufficiently supported by the record. Therefore, the district court properly denied Henson's motion to suppress on the ground that the checkpoint stop did not violate Henson's Fourth Amendment rights.

Accordingly, we affirm Henson's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED